UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

WILLIAM MOORE,

                               Plaintiff,

    -against-

CITY OF NEW YORK and
UNDERCOVER OFFICER 39, Individually,

                              Defendant,

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

       Plaintiff WILLIAM MOORE, by his attorneys, the Leventhal Law Group P.C., complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff WILLIAM MOORE is a thirty-two year old African American man residing in Manhattan, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all time hereinafter mentioned the individually named defendant, UNDERCOVER OFFICER 39, was a duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties.

10. That at all times hereinafter mentioned the individually named defendant was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

11. Each and all of the acts of the individually named defendant alleged herein were done by said defendant while acting within the scope of his employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On April 10, 2013, at approximately 2:30 p.m., plaintiff WILLIAM MOORE was a lawful pedestrian in a court yard at the front of 410 East 105th Street, New York, New York. MOORE was not engaged in any criminal activity.

13.     On April 10, 2013 at approximately 2:55 p.m. at the front of 434 East 105th Street Police Officer Robert Frank approached MOORE and placed him under arrest in connection with a "buy and bust" drug transaction that allegedly occurred at approximately 2:30 p.m. in the vicinity of the front of 410 East 105th Street.

14.     Officer Frank arrested MOORE based on false evidence provided by defendant UNDERCOVER OFFICER 39 who falsely alleged that: he approached MOORE and asked MOORE, in sum and substance, do you have any crack cocaine; MOORE responded, in sum and substance, we have crack cocaine; and MOORE directed UNDERCOVER OFFICER 39 to Omar Gains and Donnell Bruns from whom UNDERCOVER OFFICER 39 allegedly purchased crack cocaine.

15.     MOORE had no involvement in the drug transaction described above and did not engage in any narcotics related conversation with UNDERCOVER OFFICER 39.

16.     No drugs, pre-recorded buy money, other contraband, or any evidence of criminal activity was found on MOORE's person or in his possession.

17.     Based on the fabricated evidence provided by UNDERCOVER OFFICER 39, NYPD officers stopped, detained, searched, handcuffed, and imprisoned MOORE.

18.     Based on the fabricated evidence provided by UNDERCOVER OFFICER 39, NYPD officers transported MOORE to the NYPD's Central Booking, where he was searched,

fingerprinted, and photographed.

19.     As a result of UNDERCOVER OFFICER 39's fabrication of evidence, a criminal court complaint was filed in New York County Criminal Court under docket number 2013NY028501 wherein it was falsely alleged that MOORE participated with Omar Gains and Donnell Bruns in the sale of crack cocaine to UNDERCOVER OFFICER 39.  These allegations are entirely false.

20.     Based on the fabricated evidence provided by UNDERCOVER OFFICER 39, NYPD officers imprisoned MOORE until his arraignment in Manhattan Criminal Court on April 11, 2013 on false charges of Criminal Sale of a Controlled Substance in the Third Degree (P.L. §220.39(1)) under docket number 2013NY028501.

21.     UNDERCOVER OFFICER 39 caused the initiation and continuation of said malicious prosecution by fabricating evidence and creating a false police report which he knew would be forwarded to the New York County District Attorney's Office ("NYCDA") thereby causing said evidence to be used against MOORE in the aforementioned legal proceeding. Based on said fabricated evidence and false report the NYCDA initiated and continued said malicious prosecution against MOORE.

22.     UNDERCOVER OFFICER 39 fabricated said evidence and created a false police report with malice, and otherwise caused said prosecution to be initiated and continued against MOORE for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his abuse of authority, and to arrest innocent individuals to reach productivity goals and for professional advancement, overtime compensation and/or other objectives outside the ends of justice.

23. In addition, UNDERCOVER OFFICER 39 testified under oath to the false allegations before a New York County Grand Jury that was empaneled to consider the charges against MOORE, and subsequently testified to the same false allegations at a felony jury trial that was conducted before the Honorable Ruth Pickholz in New York County Supreme Court.

24. Prior to testifying in the Grand Jury, UNDERCOVER OFFICER 39 had caused the fabricated evidence to be forwarded to the NYCDA, and met with and conveyed the false evidence to the NYCDA's assistant district attorney who was assigned to prosecute MOORE.

25. On April 11, 2013, following MOORE's arraignment on the false charges filed against him, MOORE appeared in New York County Supreme Court, Part 92, before the Honorable Patricia Nunez for a previously scheduled update of his progress in an inpatient drug treatment program arising from a prior guilty plea. In 2011, MOORE had pled guilty to a felony drug charge with the understanding that if he successfully completed said drug treatment program, stayed out of trouble, and did not get re-arrested, he would be allowed to withdraw his guilty plea and said drug charge would be dismissed and sealed. At the time of the April 10, 2013 arrest, MOORE was working full-time at a restaurant and was successfully approaching completion of the inpatient phase of said drug treatment program.

26. As a result of the April 10, 2013 false arrest and subsequent malicious prosecution, Judge Nunez remanded MOORE for seven days in jail and ordered that he remain in the inpatient phase of said drug treatment program until a final resolution of charges arising from the April 10, 2013 arrest.

27. In addition to the setback in said drug treatment program, MOORE was terminated from his employment at the restaurant as a result of the false arrest and malicious

5

prosecution.

28. As a result of the malicious prosecution, MOORE was compelled to appear in New York County Supreme Court numerous occasions over fourteen months from April 10, 2013 to June 22, 2014, while MOORE was falsely charged with Criminal Sale of a Controlled Substance in the Third Degree, (P.L. §220.39(1)) under New York County Indictment 1580/2013.

29. On June 22, 2014, at the conclusion of a jury trial, MOORE was acquitted of all charges filed against him in said malicious prosecution.

30. On June 22, 2014, the false charges filed against MOORE as a result of the false allegations of UNDERCOVER OFFICER 39 were dismissed and sealed following the acquittal.

31. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: manufacturing false evidence against individuals in a conspiracy to justify falsely arresting said individuals; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

32. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a

result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendant: manufacture false evidence against individuals in a conspiracy to justify falsely arresting said individuals; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify falsely arresting said individuals.

33. In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

34. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officer in the present case to violate the plaintiffs' civil rights.

35. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendant lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer. Despite such notice,

7

defendant CITY of NEW YORK has retained this officer, and failed to adequately train and supervise him.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff WILLIAM MOORE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendant UNDERCOVER OFFICER 39 while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff WILLIAM MOORE sustained, *inter alia*, incarceration, loss of employment, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

42. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendant UNDERCOVER OFFICER 39 arrested plaintiff WILLIAM MOORE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45. Defendant UNDERCOVER OFFICER 39 caused plaintiff WILLIAM MOORE to be falsely arrested and unlawfully imprisoned.

46. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendant UNDERCOVER OFFICER 39 created false evidence against plaintiff WILLIAM MOORE.

49. Defendant UNDERCOVER OFFICER 39 utilized this false evidence against plaintiff WILLIAM MOORE in legal proceedings.

50. As a result of defendant UNDERCOVER OFFICER 39's creation and use of false evidence, plaintiff WILLIAM MOORE suffered a violation of his constitutional right to a fair trial, as guaranteed by the United States Constitution.

51. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant UNDERCOVER OFFICER 39 caused the initiation and continuation of a malicious prosecution against plaintiff WILLIAM MOORE.

54. Defendant UNDERCOVER OFFICER 39 caused plaintiff WILLIAM MOORE to be prosecuted without any probable cause until the charges were dismissed following a jury trial on or about June 22, 2014.

55. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(<u>Malicious Abuse of Process under 42 U.S.C. § 1983</u>)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendant UNDERCOVER OFFICER 39 caused criminal process to be issued against plaintiff WILLIAM MOORE by causing his arrest and prosecution in a criminal court.

58.     Defendant UNDERCOVER OFFICER 39 caused plaintiff WILLIAM MOORE to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for his acts of fabricating evidence, and to arrest innocent individuals to reach productivity goals and for professional advancement, overtime compensation and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

59.     As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(<u>Municipal Liability under 42 U.S.C. § 1983</u>)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff WILLIAM MOORE'S rights as described herein.   As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendant, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify falsely arresting said individuals; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff WILLIAM MOORE.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff WILLIAM MOORE as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff WILLIAM MOORE as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff WILLIAM MOORE was unlawfully arrested, maliciously prosecuted, and deprived of his right to a fair trial.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff WILLIAM MOORE'S constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff WILLIAM MOORE of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To receive his right to a fair trial;

    C. To be free from malicious prosecution; and

    D. To be free from malicious abuse of process.

70. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## **Supplemental State Law Claims**

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

73. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75. Plaintiff has complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendant UNDERCOVER OFFICER 39 caused the initiation and continuation of a malicious prosecution against plaintiff WILLIAM MOORE.

79. Defendant UNDERCOVER OFFICER 39 caused plaintiff WILLIAM MOORE to be prosecuted without probable cause until the charges were dismissed following a jury trial on or about June 22, 2014.

80. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendant who caused the arrest and prosecution of plaintiff WILLIAM MOORE.

83. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendant to engage in the wrongful conduct heretofore alleged in this Complaint.

84. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendant who caused the false arrest and malicious prosecution of plaintiff WILLIAM MOORE.

87. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employee and agent, who was on duty and acting in the scope of his employment when he engaged in the wrongful conduct described herein.

90. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employee and agent who was on duty and acting in the scope of his employment when he engaged in the wrongful conduct described herein.

16

93. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. As a result of the defendant's conduct, plaintiff WILLIAM MOORE was deprived of his right to security against unreasonable searches, seizures, and interceptions.

96. As a result of the foregoing, plaintiff WILLIAM MOORE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff WILLIAM MOORE demands judgment and prays for the following relief, jointly and severally, against the defendant:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendant in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 23, 2015

                          LEVENTHAL LAW GROUP, P.C.
                          Attorneys for Plaintiff WILLIAM MOORE
                          45 Main Street, Suite 230
                          Brooklyn, New York 11201
                          (718) 556-9600

                          By:   s/_____.
                                 JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

WILLIAM MOORE,

                                              Plaintiff,                      Docket No.

     -against-

CITY OF NEW YORK and
UNDERCOVER OFFICER 39, Individually.

                                              Defendant.

--------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600